**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0229-21

WILLIAM ASDAL,

     Plaintiff-Appellant,

v.

CHESTER TOWNSHIP,
DENIS KEENAN, TOWNSHIP
ENGINEER, THE CHESTER
TOWNSHIP PLANNING
BOARD, KURT ALSTEDE,
ALSTEDE FARMS, LLC, and
LEBENSFREUDE LLC,

     Defendants-Respondents.

_____

Argued December 14, 2022 – Decided December 31, 2024

Before Judges Accurso, Firko and Natali.

On appeal from the Superior Court of New Jersey,
Law Division, Morris County, Docket No. L-0108-21.

Mark E. Critchley argued the cause for appellant
(Brach Eichler LLC, attorneys; Susan R. Rubright and
Mark E. Critchley, of counsel and on the briefs).

Jeffrey T. LaRosa argued the cause for respondents Chester Township, Denis Keenan, Township Engineer, and The Chester Township Planning Board (Schenck, Price, Smith & King, LLP, attorneys; Jeffrey T. LaRosa and John E. Ursin, on the brief).

Anthony J. Sposaro argued the cause for respondents Kurt Alstede, Alstede Farms, LLC, and Lebensfreude, LLC.

The opinion of the court was delivered by

ACCURSO, P.J.A.D.

In this mandamus action in lieu of prerogative writs, plaintiff William Asdal appeals from the trial court's order dismissing his complaint under Rule 4:6-2 against Chester Township, its engineer and planning board for their refusal to enforce the Township's municipal stormwater management plans and control ordinances against his neighbor Kurt Alstede, Alstede Farms, LLC, and Lebensfreude LLC, which Asdal claims has resulted in "a twelve-foot-deep cavernous ravine, and a path of dead trees for hundreds of yards along, and on, [his] property and into nearby Morris County Park property," and his corresponding trespass and nuisance claims against the Alstede defendants. Because Asdal has plainly stated a claim against the Township defendants for mandamus as well as claims for nuisance and trespass against the Alstede defendants, we reverse.

2

This dispute has a long history in the trial court, the tax court, and before both the County Agricultural Development Board and State Agricultural Development Committee of which we sketch only so much as necessary to put our decision in context. The facts come from the motion record.

Asdal's home, which he has owned since 1986, is on Route 24 in Chester Township next door to what is now known as Alstede Farms. Kurt Alstede started the farm in 1984 by renting the 365-acre Hideaway Farm, which at that time consisted of 200 tillable acres primarily in hay. By 1989, Alstede was also growing vegetables and secured zoning approval, over Asdal's objection, to construct a farm store. In 2006, the owner of Hideaway Farm sold its development rights to the County for $11.8 million, and the land, including some adjoining parcels, was permanently preserved through the New Jersey Farmland Preservation Program. Alstede purchased those additional parcels and others, eventually purchasing Hideaway Farm in 2014, changing its name to Alstede Farms.

Alstede Farms now consists of several contiguous properties totaling over 400 acres, all owned by Lebensfreude of which Alstede is the managing member. According to Alstede, the hay farm he began renting in 1984 has grown to become "the largest, most productive farm in Morris County,"

3

annually producing "over two million pounds of produce for sale to the general public." The farm store is open twelve months a year, and the farm processes some of its own crops, making homemade ice cream, apple cider, and baked goods produced and sold on the farm. Alstede claims the farm "also offers an abundant variety of on farm activities, events, educational tours, special life celebrations, and agritourism that complement the farm's fruit and vegetable production," including "hay wagon rides, school tours, farm to table food events, group farm tours, experiential farm opportunities, birthday parties, receptions, children's farm camp," and pick-your-own events. Alstede Farms estimates 10,000 people visit the farm each year.

According to Alstede, "the farm business employs 27 full time year-round team members in addition to over 175 seasonal and part time workers." Asdal claims, with the support of arial photos in the record, that the farm has over 1,700 striped parking spaces, an allegation Alstede hasn't denied. Alstede claims he built "a cider mill and new repair shop" on the farm in 2015, an equipment storage barn in 2016, and constructed a parking lot in front of the farm store in 2017.

In January 2018, Asdal filed a complaint with the County Agricultural Development Board (CADB) against Alstede Farms pursuant to the Right to

Farm Act, N.J.S.A. 4:1C-1 to -10.4, about off-road parking; setback requirements; violation of Stormwater Management Rules; and the improper designation of residential properties as part of a "farm unit." On March 5, 2018, Katherine Coyle, the Director of the CADB issued a memorandum to the Board explaining that to qualify for protection under the Right to Farm Act, a commercial farm must, among other things, conform its operation of the farm "to all relevant federal or State statutes, rules and regulations." See N.J.S.A. 4:1C-9

Noting that "Asdal's complaint . . . alleges that Alstede Farms is in violation of the Stormwater Management Rules," Coyle advised "[t]he Morris CADB does not have jurisdiction and authority to determine whether a farmer is in compliance with State law, in this case, the Stormwater Management Rules." Coyle explained the "Chester Township professionals and, if applicable, the County Engineer, have jurisdiction and are qualified to determine whether Alstede Farms is in compliance with the Stormwater Management Rules. Once that determination has been made and provided to

A-0229-21

the Morris CADB, the CADB will be able to determine eligibility for [Right to Farm] protections."[1]

At its meeting on April 12, 2018, the Board determined it "did not have jurisdiction and authority to determine whether a farmer is in compliance with State law, in this case, the Stormwater Management Rules." It directed its staff to ask "Chester Township's professional(s) and the Morris County Engineer to provide a written determination regarding the operation's compliance with Stormwater Management Rules."

Director Coyle thereafter wrote to Chester Township's attorney, John Suminski, advising him of Asdal's complaint that Alstede Farms was in violation of the Stormwater Management Rules, and the Board's lack of "jurisdiction and authority to determine whether an operation is in compliance

---

[1] Coyle also advised the Board it could not even determine if Alstede Farms qualified as a commercial farm because, according to the municipal tax assessor, four of Alstede's lots were not farmland assessed as of February 20, 2018, a requirement for Right to Farm Act protection. Coyle wrote that because the Board "does not have jurisdiction and authority to determine whether a parcel of land satisfies the eligibility criteria for differential property taxation pursuant to the 'Farmland Assessment Act,'" it could not determine whether the lots qualified for Right to Farm Act eligibility until the assessor "establishes whether the lots satisfy the Farmland Assessment Act." Although the Morris County Board of Taxation concluded that all of the lots owned by Lebensfreude were entitled to be assessed as farmland in 2019, the matter was appealed to the Tax Court.

A-0229-21

with state regulations, in this case, the Stormwater Management Rules." Coyle accordingly asked Suminski to direct "Chester Township's professional(s) to provide a written determination regarding Alstede Farms' compliance with Stormwater Management Rules," and to be available at the Board's next meeting "to answer any questions concerning compliance." Coyle explained the requested information would assist the board in determining "whether the lots in question meet the eligibility criteria of the [Right to Farm Act.]" Coyle wrote a similar letter to Director of Public Works and Morris County Engineer, Christopher Vitz, P.E., explaining the CADB's lack of jurisdiction and asking him to "provide a written determination regarding the farm's compliance with the Stormwater Management Rules."

Coyle received no response from Vitz. Suminski, however, responded promptly to Coyle's letter advising that the Township's engineer was not a Township employee but an independent engineer associated with a private engineering firm. Suminski advised that the CADB was free to contact the municipal engineer directly, but "any expense incurred would not be paid by the Township."

7

Coyle followed up with both Suminski and Vitz in the fall.[2]  Suminski responded by noting Coyle's letter to Vitz and that he'd been advised by Alstede's attorney that Alstede had asked the Assistant Secretary of Agriculture to have "an in-house engineer for the Department to make an assessment as to whether the Stormwater Management Rules ("Rules") have been followed with regard to the Alstede Farm," which Suminski understood to be proceeding.  Suminski advised Coyle "[t]he Township Municipal Engineer is not in position, without extensive work, to determine whether there has been compliance with the Rules or not."  And as "the State and County are both addressing the issue, the Municipal Engineer will not be doing so."

Alstede provided the Board with an October 8, 2018 letter addressed to him from John E. Showler, P.E., State Erosion Control Engineer responding to Alstede's "request for assistance from the New Jersey Department of Agriculture to examine the farm property in the immediate vicinity of the farm store and sundry attendant areas, in order to offer an opinion as to the

---

[2]  The Board had delayed action on Asdal's complaint at the May 10 meeting until it received a legal opinion from the Local Finance Board on Alstede's claim that certain of the Morris CADB members had disqualifying conflicts of interest and could not hear the matter.  In September the Local Finance Board determined that three of seven members were disqualified.  The Board resumed its review in September with the four members eligible to hear the complaint.

A-0229-21

applicability of the New Jersey Stormwater Management Rules ("Rules"), codified at N.J.A.C. 7:8, by the New Jersey Department of Environmental Protection." Showler wrote that Alstede had specifically "asked for assistance in determining whether or not the various site improvements have been conducted in such a way as to 'trigger' applicability of the Rules via the definition of 'Major Development' and specifically, major development on agricultural lands."

Showler explained "[t]he threshold which triggers applicability is either: 1/4 acre of new impervious cover or, 1 acre of land disturbance."[3] He wrote

---

[3] As Asdal notes in his brief, Showler failed to note that the definition of "major development" in N.J.A.C. 7:8-1.2 to which he referred is cumulative. The regulation provides:

"Major development" means an individual "development," as well as multiple developments that individually or collectively result in:

> 1. The disturbance of one or more acres of land since February 2, 2004;
>
> 2. The creation of one-quarter acre or more of "regulated impervious surface" since February 2, 2004;
>
> 3. The creation of one-quarter acre or more of "regulated motor vehicle surface" since March 2, 2021; or

that "[a]ny improvement activity at the farm that may exceed either of these thresholds would then invoke the entirety of the rules which would then require specific stormwater management techniques and controls to be incorporated into your development plans." Based on his examination of the farm store area and the various items of documentation Alstede provided him, which included "copies of NJDEP permits issued for certain small culvert crossings of unnamed tributaries (ditches) which run through the general area of the store," and "copies of site plans and engineering designs for the most recent improvements to the farm store area which included paving of previously graveled parking lots and the installation of two large underground

---

4. A combination of 2 and 3 above that totals an area of one-quarter acre or more. The same surface shall not be counted twice when determining if the combination area equals one-quarter acre or more. Major development includes all developments that are part of a common plan of development or sale (for example, phased residential development) that collectively or individually meet any one or more of paragraphs 1, 2, 3, or 4 above. Projects undertaken by any government agency that otherwise meet the definition of "major development" but which do not require approval under the Municipal Land Use Law, N.J.S.A. 40:55D-1 et seq., are also considered "major development."

[Emphasis added.]

infiltration systems," Showler opined "that none of the projects undertaken by

Alstede Farms, over the course of many years, qualified for regulation by

N.J.A.C. 7:8," the state Stormwater Management Rules.

Showler closed his letter by noting:

> The fact that these projects were regulated either by
> the county or the municipality, or both, gives further
> credence to my conclusion, since the stormwater
> management rules delegate authority for their
> implementation to the local municipal engineer or the
> soil conservation district (in the case of ag[ricultural]
> development) and at no time in your documentation
> did I see any notice from the municipality directing
> you to develop a stormwater management plan or
> direct you to the local conservation district to review
> same.

Vitz responded to Coyle with an email on November 9, 2018, stating:

> Based on my review of the files provided the attached
> from the NJDEP clearly states that the State
> Stormwater Management Rules do not apply due to
> the low amount of development on the site.
>
> Additionally in researching our County files, Alstede
> Farm has either been exempted or met our County
> Stormwater regulations with their site plan
> applications.
>
> Therefore, I conclude that the site meets the County
> Stormwater Management requirements at this time.

11

A-0229-21

In December 2018, plaintiff filed his first complaint in lieu of prerogative writs in the Law Division.[4]  In that action brought against Chester Township, its zoning official, Township engineer, planning board and board of adjustment as well as the Alstede defendants, Asdal alleged Township officials had refused to enforce the Township's zoning ordinances by allowing the Alstede defendants to conduct commercial activities in a residential zone without obtaining approvals from the Zoning Board or Planning Board or any other agency.

Specifically, Asdal alleged that four lots on which the Alstede defendants conduct their commercial farming operations are classified as residential lots by the Township tax assessor, not farmland, and that Alstede Farms uses the lots for its commercial farming operations in violation of Township Land Use Ordinances and the Soil Erosion and Sediment Control Act, N.J.S.A. 4:24-39 through - 55.  Asdal also claimed that over the course of many years, the Alstede defendants had expanded their farm operations to include extensive commercial pursuits, developing make-shift parking lots and roads, including on the residential lots, all without obtaining zoning permits,

---

[4]  Asdal's complaint led eventually to a Chancery Division action in which Alstede sued the CADB and the SADC to reform the deeds of easement.  The court reformed the deeds over the objection of the Attorney General's Office.

site plan, use variances, and other necessary approvals from the zoning official, the zoning board or the planning board.

Asdal claimed Alstede's farm store is a non-permitted commercial use in a residential zone in violation of the Municipal Land Use Law, N.J.S.A. N.J.S.A. 40:55D-1 to -163, and Township ordinances, and that the Alstede defendants have not provided any stormwater plans for that lot or other areas used for parking while adding impervious coverage. Asdal also alleged the Township defendants have not ensured that Alstede Farms provide a stormwater management plan for the entirety of their operation, nor directed the Alstede defendants to obtain any waivers or exceptions to compliance with the laws and regulations regarding stormwater runoff.

Asdal claimed that runoff from Alstede Farms had "caused a 12-foot deep cut in the back of the [his] property, which eroded soil runs to the Black River and fills the State Park Road mill pond," owned by Morris County. Asdal also alleged the Township defendants have "failed to inspect damage to adjoining properties after repeated requests to do so thereby ignoring protections of the public required by law."

In that first action, Asdal sought an order compelling the Township defendants to end the zoning violations Asdal alleged were occurring on the

four residential lots by enforcing the Township ordinances against Alstede Farms, and a preliminary and permanent injunction enjoining Alstede Farms from continuing their commercial enterprise on the Alstede properties. Asdal also sued the Alstede defendants for trespass, negligence and nuisance, and sought a declaratory judgment making them liable for any necessary future costs related to the damages they'd caused to his property.

In August 2019, the trial court granted, without prejudice, defendants' motions to dismiss for lack of subject matter jurisdiction. The court found the Right to Farm Act "preempts municipal land use jurisdiction over commercial farms," relying on Twp. of Franklin v. den Hollander, 338 N.J. Super. 373, 375 (App. Div. 2001) (holding "primary jurisdiction to regulate agricultural management practices rests with the County Agricultural Board (CAB) or the State Agricultural Development Committee (SADC)"), aff'd o.b. 172 N.J. 147 (2002). Although acknowledging the trial court had subject matter jurisdiction to hear the matter, Borough of Closter v. Abram Demaree Homestead, Inc., 365 N.J. Super. 338, 348 (App. Div. 2004), the court held, correctly, that "for policy reasons, the agency should exercise its jurisdiction first," id. at 349.

Acknowledging that Asdal had "appropriately filed" a complaint with the CADB before filing in the Law Division, see N.J.S.A. 4:1C-10.1(a), the

14

trial court rejected Asdal's argument the CADB had already determined at its April 12, 2018 meeting that it was without jurisdiction and authority to determine whether Alstede Farms was in compliance with the Stormwater Management Rules making Asdal's complaint ripe for adjudication in the Law Division.

The court noted the Board had directed its staff after that meeting to write to the Township and the County engineer for their determinations regarding Alstede's compliance with the Stormwater Management Rules, and had received a response from the County Engineer that Alstede Farms met "the County Stormwater Management requirements," although the Township had refused to pay its engineer to offer an opinion because he was "not in position, without extensive work, to determine whether there has been compliance with the Rules or not." And, that as recently as February 4, 2019, Director Coyle had advised the Board that, in light of the Township's appeal of the farmland assessment to the County Board of Taxation, it must decide "whether to adjourn the matter until the Morris County Board of Taxation renders a final decision or whether to dismiss the matter due to lack of jurisdiction," a decision the CADB had yet to make as of the court's decision in August 2019.

A-0229-21

The court determined that because Asdal's Law Division claims against the Township defendants, including his stormwater management claims, "are entwined with the pending matter before the [Morris] CADB, . . . the MCADB must exercise jurisdiction over these complaints first."[5]

Asdal made an Open Public Records Act request to the Township in January 2021 for documents relating to its jurisdiction to regulate stormwater in its borders. After receiving the Township's response, establishing the Township's significant efforts over many years to regulate stormwater management within the Township, Asdal filed this mandamus action limited to the stormwater management issues, reiterating his prior allegations that the Alstede defendants by "construction of numerous buildings, roads and over one thousand seven hundred (1,700) parking spaces on the Property, as well as the removal of numerous trees without any stormwater plan, placement of stone roadways, and compaction of deed restricted land through parking has

---

[5] We have been advised by the parties that there is still no decision on Asdal's complaint to the CADB. In August 2022, the SADC assumed jurisdiction of the matter on advice from the Attorney General's Office after being advised that the Morris CADB could not hear any matters relating to Alstede Farms due to conflicts resulting in the lack of a quorum. The SADC transmitted the complaint to the Office of Administrative Law as a contested case. Following an objection by Alstede, the SADC called the matter back. We have been since advised that the SADC has determined to defer any further action on the matter pending resolution of this appeal.

16

increased the property's impervious coverage," and led "to a significant increase of stormwater runoff and rate onto [Asdal's] property."  Asdal again alleges that the Alstede defendants have not provided any stormwater mitigation despite adding significant impervious coverage, and that the Township defendants "have not ensured that Alstede Farms provide a stormwater management plan for the entirety of their operation, nor have they directed the Alstede defendants to obtain any waivers or exceptions to compliance with the controlling statutes and regulations regarding storm water runoff."

Asdal also claims the Township defendants "have failed to inspect damage to adjoining properties after repeated requests to do so, thereby ignoring protections of the public required by law."  He continues to claim the Alstede defendants' on-site commercial activities have caused severe sheet runoff resulting in "a 12-foot-deep ravine in the back of [Asdal's] property, which eroded soil runs to the Black River and fills the State Park Road mill pond," which is owned by Morris County.

The trial court granted defendants' motions to dismiss Asdal's four count complaint "seeking mandamus and declaratory relief to compel the Township defendants to exercise their authority and jurisdiction over stormwater statutes

17

and regulations on Alstede Farms" and asserting nuisance and trespass claims against the Alstede defendants under Rule 4:6-2. The court found "to the extent plaintiff is seeking mandamus relief to cause a review of stormwater compliance, such relief is moot, as the County Engineer found the site to meet the county stormwater management requirements." The court found Asdal "did not challenge or even address the County Engineer's determination in the prior complaint," does not "challenge it now," and is "now well beyond the time permitted" to do so. The court further noted that Asdal "never impleaded Morris County or the County Engineer."

The court also noted that "even if the Township has jurisdiction over plaintiff's stormwater management claims as plaintiff argues, plaintiff has not provided any authority to support his claim that the Township must rely on [its] own engineer's determination, instead of relying on the County Engineer's determination." The court also continued to hold that "the proper forum for plaintiff's claims remains with the MCADB," which "[t]he Legislature has determined . . . should exercise its jurisdiction first when the operation of a commercial farm is at issue."

The court again pointed to Director Coyle's February 2019 memorandum to the CADB that the Board "must still make a jurisdictional determination in

regard to plaintiff's claims, as well as decide whether to adjourn the matter pending an unrelated decision regarding an assessment of lots by the Morris County Board of Taxation." The court noted that should Asdal be dissatisfied with whatever the CADB eventually decides, it could seek relief in this court. The court concluded that Asdal's claims for declaratory relief against the Township defendants and his claims for nuisance and trespass against the Alstede defendants continue to be "entwined" with the pending matter before the CADB and it must exercise jurisdiction before the Law Division acts.

Asdal argues on appeal that the trial court erred in dismissing his complaint because the Township defendants have jurisdiction and authority over stormwater management, not the CADB; that stormwater management is not regulated by the Right to Farm Act; that the trial court relied improperly "on an e-mail from the County engineer"; that mandamus relief is appropriate because the Township has the responsibility to regulate stormwater management within its borders and has failed to act; that such relief is not preempted by the Right to Farm Act; that the action is not barred by res judicata or collateral estoppel principles; and that he has "sufficiently alleged his private nuisance and trespass claims against the Alstede defendants."

19

The Alstede defendants contend Asdal's complaint was time-barred, and he is not entitled to mandamus relief. The Township defendants contend that Asdal's complaint is barred by res judicata and collateral estoppel and the trial court was correct that primary jurisdiction is with the CADB.

We review the grant of a motion to dismiss a complaint de novo, using the same standard that governs the trial court. A.C.L.U. of N.J. v. Cnty. Prosecutors Ass'n of N.J., 257 N.J. 87, 100 (2024). "[A] motion to dismiss pursuant to Rule 4:6-2(e) may be granted only if, accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." Smerling v. Harrah's Entm't, Inc., 389 N.J. Super. 181, 186 (App. Div. 2006). "As our review is de novo, we owe no deference to any of the trial court's legal conclusions we deem mistaken." Est. of Campbell through Campbell v. Woodcliff Health & Rehab. Ctr., 479 N.J. Super. 64, 71 (App. Div.), cert. denied, 259 N.J. 315 (2024).

We deal first with the Township defendants' arguments that Asdal's complaint was barred by res judicata or collateral estoppel principles. As the law is well-settled "that a dismissal without prejudice adjudicates nothing and does not constitute a bar to re-institution of the action," O'Loughlin v. Nat'l

A-0229-21

Cmty. Bank, 338 N.J. Super. 592, 603 (App. Div. 2001), the trial court's dismissal of Asdal's 2019 prerogative writs action did not bar this suit.

We likewise dismiss out of hand the Alstede defendants' claim that Asdal's claim was time-barred. Rule 4:69-6(a) provides in pertinent part that "[n]o action in lieu of prerogative writs shall be commenced later than 45 days after the accrual of the right to the review, hearing or relief claimed." First, we note the Township, the party most likely to assert this defense has not done so — for obviously good reason.

Asdal is complaining the Township has failed to act for many years, despite his on-going requests, to enforce its stormwater ordinances and require Alstede Farms to address and remediate the stormwater runoff that Asdal contends has created "a 12-foot-deep ravine" on Asdal's property, causing eroded soil to run to the Black River and fill the County's State Park Road mill pond. We read the Township's failure to assert the defense as a tacit acknowledgment of its awareness that it hasn't taken any action that would trigger the 45-day rule.

The Alstede defendants appear to assert that 45-day time period began with the County Engineer's November 9, 2018 email to the Director of the CADB based on his review of the County's files (and no site inspection) that

21

Alstede Farms met "the County Stormwater Management requirements."[6] Leaving aside that neither the Alstede defendants nor the trial court explains how an email from the County engineer to the Director of the CADB would trigger a requirement of action on Asdal's part, defendants do not dispute that stormwater management is primarily overseen by the Township, not Morris County.

The Stormwater Management Act, N.J.S.A. 40:55D-93 to -99, a 1981 amendment to the Municipal Land Use Law, requires every municipality to prepare a stormwater management plan and an implementing stormwater control ordinance, N.J.S.A. 40:55D-93, in accordance with "comprehensive storm water management regulations" promulgated by the Department of Environmental Protection. See In re Stormwater Mgmt. Rules, 384 N.J. Super. 451, 454 (App. Div. 2006). And those regulations, N.J.A.C. 7:8-1.1 to -6.3, while establishing "requirements for stormwater planning at the municipal, county and regional levels," put the onus for stormwater management on the State's municipalities. See N.J.A.C. 7:8-4.1 to -4.6.

---

[6] Asdal notes Vitz's reliance on the files for his review was obviously inadequate in a case in which the plaintiff is complaining that the defendant hasn't applied for proper permits.

A-0229-21

Even were we inclined to think that the 45-day period to bring this action accrued on the date of the County engineer's email to the Director of the CADB, which we are not, we are without doubt that the vindication of Asdal's "private property rights and the important public interest in ensuring that public officials perform their official duties diligently and with reasonable dispatch," would warrant an enlargement of the 45-day rule. See Mullen v. Ippolito Corp., 428 N.J. Super. 85, 106 (App. Div. 2012) (finding that the plaintiffs' cause of action was "grounded on the municipal defendants' failure to respond to or act upon their numerous complaints of alleged zoning violations," which if true, "describe[d] an amorphous history of municipal inaction, rendering plaintiffs without a realistic alternative form of administrative relief").

In our view, Asdal has been pinioned in a multi-year catch-22 between the Township and the CADB. The CADB has primary jurisdiction to determine whether Alstede Farms is a commercial farm entitled to protection under the Right to Farm Act under Borough of Closter, 365 N.J. Super. at 349-50. But to be entitled to protection under the Right to Farm Act, Alstede's commercial farm operation must, among other things, comply with "all relevant federal or State statutes or rules and regulations adopted pursuant

A-0229-21

thereto."  N.J.S.A. 4:1C-9.  The CADB has declared itself, on multiple

occasions, to be without jurisdiction to determine whether Alstede's operation

is in compliance with the Stormwater Management Rules.

The CADB has asked Chester Township, the entity that can determine

whether Alstede's operation is in compliance with the Rules, to advise it

whether Alstede's operation is in compliance; but the Township has refused to

do so because its "Municipal Engineer is not in position, without extensive

work, to determine whether there has been compliance," which "extensive

work" the Township is not willing to pay for; and the CADB has no authority

to compel the Township to provide its engineer's opinion of whether Alstede's

operation is in compliance with the Rules.

Those circumstances have left Asdal without an effective remedy.  In

our view, this is a classic case for appropriate mandamus relief.  See Mullen,

428 N.J. Super. at 103 (noting the core prerequisites to mandamus relief in this

area is:  "(1) a showing that there has been a clear violation of a zoning

ordinance that has especially affected the plaintiff; (2) a failure of appropriate

action despite the matter having been duly and sufficiently brought to the

attention of the supervising official charged with the public duty of executing

24

the ordinance; and (3) the unavailability of other adequate and realistic forms of relief").

The trial court has, appropriately, deferred jurisdiction in the first instance to the Morris CADB, which, because it is without authority to determine whether Alstede's operation is in compliance with the Stormwater Management Rules and without the ability to compel the Township to make the determination, has found itself unable to resolve Asdal's complaint. Because that situation will not change, it makes no sense to defer further to the Board. The court has the authority to ensure resolution of Asdal's complaint by permitting Asdal's complaint in mandamus to proceed and must do so.

Whether Asdal will succeed in his mandamus action and on his claims for trespass and nuisance or whether the matter will eventually be returned to the CADB is unknown at the present. But Asdal was not required to prove his claims at the motion to dismiss stage but only to state the causes of action, which he clearly has done. See Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989). Thus, we reverse the order denying Asdal's motion to dismiss and remand to permit Asdal to proceed on his claims. We do not retain jurisdiction.

Reversed and remanded.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0229-21